Merrimack
No. 2004-507

CATHERINE MAHONEY & a.

v.

TOWN OF CANTERBURY & a.

Argued: March 9, 2005
Opinion Issued: October 18, 2005

*Finis E. Williams, III*, of Concord, by brief and orally, for the plaintiffs.

*Schuster, Buttrey & Wing, P.A.*, of Lebanon (*Barry C. Schuster* on the brief and orally), for defendant Fortin & Redmond Associates.

DALIANIS, J. Defendant Fortin & Redmond Associates (F & R) appeals a ruling of the Superior Court (*Fitzgerald*, J.) denying it recovery of overhead expenses incurred due to an injunction that the plaintiffs, Catherine and Everett Mahoney, wrongfully procured. The plaintiffs cross-appeal a ruling of the trial court granting F & R an award of lost

profits due to that injunction. We affirm in part, vacate in part and remand.

This case returns to us after remand to the trial court. *See Mahoney v. Town of Canterbury*, 150 N.H. 148, 155 (2003). We set forth the background of this case in *Mahoney* and need not restate it here. In its July 2002 order, from which both parties originally appealed, the trial court awarded F & R $33,450.60 in lost profits, and $46,065.63 in operating expenses. After we vacated the award of damages and remanded the case to the trial court, the trial court reinstated its original award of lost profits, but denied F & R's request for overhead expenses, awarding only $2,564.00 for costs and expenses uncontested by the plaintiffs. F & R now appeals, contending that the trial court erred by denying its request for overhead expenses incurred as a result of the injunction. The plaintiffs cross-appeal, arguing that the trial court erred by simply reinstating its original award for lost profits, which plaintiffs claim reflects an erroneous calculation, without a further evidentiary hearing.

We first address F & R's issue on appeal. F & R alleges that the trial court erred in failing to award damages for the expenses that were directly attributable to the injunction. In *Mahoney*, we held that F & R could not "recover all of its overhead expenses for its entire company during the five month delay." *Mahoney*, 150 N.H. at 154. On review, we understand how the trial court could have reasonably construed this holding to signify that F & R could not recover *any* overhead expenses. We thus clarify that F & R *may* recover any overhead expenses that were "specifically attributable to the interruption of its logging operations." *Id.*

Next, we address the plaintiffs' cross-appeal. The plaintiffs argue that the trial court erred by reinstating its original award of lost profits without a further evidentiary hearing, even though we specifically vacated the award of damages in *Mahoney. See id.* They also contend that the trial court erred in calculating the differential between the price that F & R could have received had it harvested and sold the pine but for the delay caused by the injunction, and the price F & R ultimately received when it harvested and sold the pine after the trial court lifted the injunction.

Although we vacated the original award of damages in *Mahoney*, we pointed to nothing erroneous in the trial court's original award of lost profits. Instead, we simply reiterated the well-established principle that lost profits must be reasonably foreseeable, ascertainable, and unavoidable, and we further acknowledged that F & R was entitled to lost profits that may have resulted from a lower sale price of the timber. *See id.* In reviewing damage awards, we consider the evidence in the light most favorable to the prevailing party, and will overturn a damage award only if

we find it to be clearly erroneous. *Klar v. Mitoulas*, 145 N.H. 483, 487 (2000). We see no clear error in the trial court's reinstatement of its original award for lost profits.

Accordingly, we remand to the trial court for the limited purpose of determining which of F & R's overhead expenses, if any, were specifically attributable to the interruption of its logging operations.

*Affirmed in part; vacated in part; and remanded.*

BRODERICK, C.J., and NADEAU, DUGGAN and GALWAY, JJ., concurred.